UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12518-RGS

JIGNESHKUMAR VISHNUBHAI PATEL

v.

PATRICIA HYDE, Acting Director of Boston
Field Office, U.S. Immigration and Customs
Enforcement; TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
KRISTI NOEM, Secretary of the U.S. Department
of Homeland Security; ANTONE MONIZ,
Superintendent of Plymouth County Correctional Center;
and PAUL CHONG, City of Boston Registrar

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

November 12, 2025

STEARNS, D.J.

Petitioner Jigneshkumar Vishnubhai Patel, a national of India, filed this petition for writ of habeas corpus to challenge the legality of his detention by U.S. Immigration and Customs Enforcement. For the following reasons, the court will grant his petition.

**FACTUAL BACKGROUND**

U.S. Border Patrol agents encountered Patel in Rio Grande City, Texas, on January 19, 2011. They determined that Patel had entered the country

without inspection and initiated removal proceedings against him. An Immigration Judge ordered Patel removed *in abstentia* on January 19, 2012.

On May 5, 2023, Patel filed a Form I-918 Petition for U Nonimmigrant Status based on having been the victim of a qualifying crime and his subsequent cooperation with law enforcement in the investigation of that crime. Roughly a year later, the U.S. Citizenship and Immigration Services (USCIS) issued a Bona Fide Determination Notice and placed Patel in deferred action status. USCIS has not, to date, revoked the grant of deferred action.

On September 9, 2025, ICE agents detained Patel in front of his home. The next day, Patel filed a petition for writ of habeas corpus with this court, arguing that his detention violates the Due Process and Equal Protection Clauses of the U.S. Constitution and the Administrative Procedure Act.

## DISCUSSION

### I. Jurisdiction

The government first challenges the court's jurisdiction, arguing that Patel (in effect if not in name) seeks to stay execution of a removal order in violation of 8 U.S.C. § 1252(g). The court is not convinced. At bottom, Patel does not challenge the government's discretionary decision to execute a removal order; he challenges the government's refusal to honor USCIS's

prior (unrevoked) grant of deferred action. *See Ayala v. Bondi*, 2025 WL 2209708, at *2; *cf. Primo v. Mattivelo*, 2025 WL 1899115, at *3 (D. Mass. July 9, 2025) (finding, in similar circumstances, that petitioner had challenged "the Secretary's authority to detain him," and not any discretionary decision to commence, adjudicate, or execute a removal order). Section 1252(g), therefore, does not strip the court of jurisdiction over his claims.

## II. Merits

At the outset, the court notes that Patel has not been provided with any opportunity to challenge or seek review of his detention before a court of appropriate jurisdiction, as due process would normally require. The court need not delve further into this issue, however, because it agrees with Patel that the provision under which the government purports to detain him – 8 U.S.C. § 1231(a)(6) – is inapplicable.

Section 1231(a)(6) permits the government to discretionarily detain an alien who has been ordered removed beyond the mandatory 90-day removal period. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court read an implicit limitation into the statutory provision that any post-removal detention may not exceed the "period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. Although a

3

detention of up to six months is presumptively reasonable under *Zadvydas*, *Zadvydas* does not give the government free reign to confine aliens. *Id.* at 701. Detention is only permissible "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Consistent with the weight of precedent, *see F.R.P. v. Wamsley*, 2025 WL 3037858, at *5-6 (D. Or. Oct. 30, 2025) (collecting cases), the court finds that removal is not likely in the reasonably foreseeable future given Patel's unrevoked U-Petition deferred action status. His detention thus is not authorized by § 1231(a)(6), and petitioner must be released. *See Zadvydas*, 533 U.S. at 699 ("Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority.").

## ORDER

The court ORDERS that petition be released from custody by 12:00 pm tomorrow, Thursday, November 13, 2025. The government shall file a certificate of compliance with the court's order by November 14, 2025.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE